## Rebecca Uhler et al., Plffs. in Err., *v.* Lucetta Brua.

An actual, continuous, and adverse possession held against the true owner for twenty-one years after having become able to assert her legal rights or obtain possession of the property, constitutes a good defense, under the statute of limitations, to an action brought to recover possession of such property.

(Decided May 17, 1886.)

NOTE.—By the legislation of June 8, 1893, married women can sue and be sued as if single, with certain exceptions. Under the act of 1875, she or her heirs could sue within ten years after the death of the husband for possession of her land adversely held. Carlisle v. Stitler, 1 Penr. & W. 6. By the act of April 22, 1856 (P. L. 532), thirty years was allowed for the bringing of the action where the owner was *non compos mentis*, imprisoned, *feme covert*, or a minor.

As to questions of adverse possession in general, see the following edi-

Error to the Common Pleas of Lebanon County to review a judgment for plaintiff upon an agreed statement of facts in the nature of a special verdict in an action of assumpsit. Affirmed.

The following are the facts as agreed upon by the parties:

The title to the premises in dispute was out of the commonwealth before June 6, 1797, and was at that time vested in John Light, who by deed conveyed, *inter alia,* the premises to Abraham Light. On June 10, 1847, Abraham Light conveyed, *inter alia,* the premises in dispute to Frederick Boyer, in trust. On March 31, 1849, Frederick Boyer, as trustee, conveyed the premises in dispute to Peter Schott, by the procurement and with the consent of Rosana Seibert or Schroeder, one of the persons named in the deed of trust as *cestui que trust.*

David Seibert, husband of Rosana Seibert, died August 27, 1856, and Rosana Seibert, above named, died February 5, 1879, leaving two adult children to survive her.

On October 6, 1871, Peter Schott died, and by proceedings in partition in the orphans' court his title passed to George Schott, on November 4, 1872, subject to a charge in favor of his mother of the principal sum of $200.

In 1873 George Schott conveyed the premises in dispute to Tobias Lantz. In 1875 Tobias Lantz conveyed the same to George Gossert, and subsequently in the same year George Gossert conveyed to the plaintiff, Lucetta Brua.

On October 30, 1883, the plaintiff, Lucetta Brua, and one of the defendants, Rebecca Uhler (then Rebecca Waltz), entered

torial notes presenting the authorities on their respective subjects: What constitutes adverse possession, notes to Collett v. Vanderburgh County, 4 L. R. A. 321; Bank of Mendocino v. Baker, 6 L. R. A. 833, and Greene v. Couse, 13 L. R. A. 206; sufficiency of occupation, note to Erck v. Church, 4 L. R. A. 641; under ancient deeds, note to Baker v. Oakwood, 10 L. R. A. 387; as between vendor and vendee, note to Erck v. Church, 4 L. R. A. 645; in case of tenants in common, notes to Erck v. Church, 4 L. R. A. 645, and Baker v. Oakwood, 10 L. R. A. 388; between landlord and tenant, note to Smith v. Newman, 53 L. R. A. 934; by donee under parol gift, note to Schafer v. Hauser, 35 L. R. A. 835; in case of ignorance or mistake as to boundary, note to Preble v. Maine C. R. Co. 21 L. R. A. 829; against wife holding by entirety, note to Robinson's Appeal, 30 L. R. A. 335; against remaindermen and owners of future estate, note to Gindrat v. Western R. Co. 19 L. R. A. 839; how far tax title constitutes, notes to Gage v. Hampton, 2 L. R. A. 512, and Cramer v. Clow, 9 L. R. A. 772; rights acquired as against the public by adverse possession of highway or street, note to Meyer v. Graham, 18 L. R. A. 146.

into articles of agreement for the purchase of this property. A portion of the purchase money, *viz.:* $550, was paid in two different payments by Mrs. Uhler, and in June, 1884, a deed was tendered by the plaintiff to Mrs. Uhler for the premises in dispute. The deed was refused, upon the ground that the plaintiff could not convey a good title to the premises in dispute. This deed is herewith produced and filed in court for the use of the defendant, Mrs. Uhler, and to be delivered to her in case the court is of the opinion that the plaintiff can convey a good title to the premises.

It is further agreed that the plaintiff and the parties under whom she claims have had actual, continuous, adverse, hostile possession of the premises in dispute since the dates of the various deeds above enumerated.

The questions for the determination of the court are: First, what estate was conveyed by the deed of Frederick Boyer, trustee, to Peter Schott? Second, if under that deed a less estate than a fee simple was conveyed, whether the plaintiff had, at the date of the deed tendered by her, acquired a fee simple title to the premises in dispute by virtue of the statute of limitations. If the court is of the opinion that the plaintiff was able to convey a fee simple title to these premises, subject only to the charge in favor of the mother of George Schott, above referred to, then judgment to be entered in favor of the plaintiff for the sum of $500, and the deed filed in court to be delivered to Mrs. Uhler, the defendant, to have the same effect, as to the passing of title to her, as if delivered to her by the plaintiff in accordance with the agreement of sale of October 30, 1883. But if the court is of the opinion that the plaintiff was not able to convey a fee simple title, then the judgment to be entered in favor of the defendant and against the plaintiff, for the sum of $550, with interest from April 1, 1885, to the date of entering judgment, and the deed filed in court; in such case to be returned to plaintiff. Costs in either event to follow judgment.

The following is the charge of the court below:

The deed of Abraham Light to Frederick Boyer dated June 10, 1847, on the true meaning of which this suit depends, is a deed for the separate use of Rosana Seibert, then the wife of David Seibert. It conveys certain real estate to Boyer "to have and to hold the said premises unto said Frederick Boyer, in trust, however, to and for the use of Rosana Seibert, *alias* Schroe-

der, wife of David Seibert, to have, receive, and enjoy the possession and income and profit thereof unto the said Rosana Seibert, for the separate use and benefit, yearly and from time to time, during her life or coverture, without the control or interference of her said husband, David Seibert, so that no estate, property, or interest be vested in him, or he in anywise be or become entitled to any claim therein; but in case she survives her said husband, David Seibert, then and in that case the said house and lot of ground shall be considered as her absolute property, to be subject solely to her own management and control; and in case her said husband should survive her, then the said house and lot of ground shall descend to and become the property of all the children of the said Rosana, wife of said David Seibert, in fee simple, as tenants in common, and to their heirs and assigns forever. To have and to hold the said premises unto the said Frederick Boyer and his heirs, to the only use and behoof of him, the said Frederick Boyer, his heirs. In trust for the use and benefit of the said Rosana Seibert, the wife of said David Seibert, in the manner above mentioned."

What estate did Rosana Seibert take under this deed?

If her estate had been a legal one, the rule declared in Lytle v. Lytle, 10 Watts, 259, and in Brown v. Mattocks, 103 Pa. 21, would govern, and the answer would be a life estate, because there are no words of inheritance.

But since her estate was equitable, a different rule prevails, which is thus expressed in Ivory v. Burns, 56 Pa. 304: "Though equity follows the law and applies the doctrines appertaining to legal estates to trusts, yet a court of equity does not hold itself strictly bound by the technical rules of law, but takes a wider range and more liberal rule in favor of the intention of the parties. Hence a conveyance in trust will carry a fee without words of limitation, when the intent is manifest." See also Freyvogle v. Hughes, 56 Pa. 228; Fisher v. Fields, 10 Johns, 496; 2 Washb. Real Prop. 4th ed. 503; 4 Kent, Com. 304; Perry, Tr. 3d ed. § 357; 1 Sharswood & B. Real Prop. 55.

In our opinion the intention of the deed before us was to give Rosana Seibert an equitable estate for life in any event, and also to give her the fee simple in case she survives her husband, giving the fee to the children only in case her husband survived her. In case of her survival, her children are neither named nor implied; and if, in that event, there was no intention to enlarge

her estate to a fee, it was useless to provide that then "the said house and lot shall be considered as her absolute property, to be subject solely to her own management and control." This clause is said to convey only a life estate, but she already had such an estate by .the earlier language of the deed, as well as one for coverture, and the use of the word "but," which usually marks a new turn of thought, shows with even greater clearness, as we think, that the grantor looked upon the estate which he meant to give her at her husband's death as different from the life estate for which he had just provided. It was then to become absolute and to be no longer limited.

If this is the true construction of the deed, it does not matter what estate or whether any estate was conveyed by the deed of Boyer to Peter Schott in 1849, for David Seibert died in 1856; and if Rosana was not bound by that deed or estopped by her action in relation thereto, she then, as tenant in fee, became able to assert her legal rights; nevertheless she lived until 1879 without stirring in the matter, and as against her and those claiming under her by will or by descent, the statute of limitations is a good defense. Smilie v. Biffle, 2 Pa. St. 52, 44 Am. Dec. 156; Maus v. Maus, 80 Pa. 194.

The second question submitted must be answered in the affirmative.

We regret that the children of Rosana Seibert, who appear to be the real defendants and whose claim alone is urged, decline to come formally upon the record; but if the view we take is right, the dispute will probably be put at rest without another suit, and we therefore conclude to dispose of it now, so that a writ of error can be taken to the present term. We may say, however, that it is difficult to see what right they can have under the deed, for no estate is limited to them except upon a contingency which did not happen.

We direct judgment to be entered in favor of the plaintiff for the sum of $500.

Defendants brought error.

*Grant Weidman* and *A. Stanley Ulrich,* for plaintiffs in error.—Under the terms of the deed from Abraham Light to Frederick Boyer, if it is to be interpreted in accordance with the rules of law, the estate which Rosana Seibert took was but

a lifetime estate. There are no words of inheritance, and the trust is expressly for her life, so far as the deed contains any words descriptive of its nature. Lytle v. Lytle, 10 Watts, 259; Gray v. Packer, 4 Watts & S. 18; Vanhorn v. Harrison, 1 Dall. 137, 1 L. ed. 70, 1 Am. Dec. 229.

The court below determined that the deed must be interpreted under the rules which govern in equity.

That rule is laid down in 2 Washb. Real Prop. 4th ed. p. 494, *p. 186, as follows:

"If land be given to a man, without the word 'heirs,' and a trust be declared of that estate, and it can be satisfied in no other way but by the *cestui que trust* taking an inheritance, it has been construed that a fee passes to him, even without the word 'heirs.'" It is accordingly now a settled rule of law that "if the purposes of the trust cannot by possibility be satisfied without a fee, courts of law will so construe it." 1 Sharswood & B. Real Prop. 55.

The words contained in the deed are not ambiguous. The trust created is an express one and cannot be enlarged beyond its words. As is said in 2 Washb. Real Prop. p. 470: "It should also be borne in mind that the law never implies a trust where there is an express one, such as is declared by word or writing." See, to the same effect, Dennison v. Goehring, 7 Pa. 175, 47 Am. Dec. 505; 1 Spence, Eq. Jur. 496; Co. Litt. 290, *b,* note 249, p. 8.

If the estate given to Rosana Seibert under the deed was not a fee, then the statute of limitations could not have given the plaintiff a fee simple. Wolford v. Morgenthal, 91 Pa. 30.

When the subect of the contract is the land itself, the purchaser has a right to a title clear of all defects and encumbrances, in the absence of any stipulation to the contrary; and hence, when called upon for the price, he may defend by showing that the title offered is defective. Herrod v. Blackburn, 56 Pa. 105, 94 Am. Dec. 49.

A purchaser is not bound to take a doubtful title. Gans v. Renshaw, 2 Pa. St. 35, 44 Am. Dec. 152; Bumberger v. Clippinger, 5 Watts & S. 311.

A court of chancery will never enforce specific performance when the title in question is not marketable, or when it would be contrary to good conscience to do so. Freetly v. Barnhart, 51 Pa. 279; Ferguson's Appeal, 56 Pa. 487, note; Lauer v.

Lee, 42 Pa. 171; Bonner v. Herrick, 99 Pa. 224; Herzberg v. Irwin, 92 Pa. 48.

*P. H. Reinhard* and *Charles H. Killinger,* for defendants in error.—The conveyance of an interest in trust will carry a fee without words of limitation, when that intention is manifest. 4 Kent, Com. *p. 304; Ivory v. Burns, 56 Pa. 300.

The word "heirs" is not always necessary in order to give an equitable estate the character of inheritability, if it requires that such an effect should be given in order to carry out the clear intention of the party creating it.    2 Washb. Real Prop. § 186; Fisher v. Fields, 10 Johns. 495; Freyvogle v. Hughes, 56 Pa. 228.

While "absolutely" is not a technical word of limitation, yet it is sometimes used to express the intention of a settlor of a trust, or a devisor of real estate, to create a fee in the beneficiary who is to take the property absolutely.    Oswald v. Kopp, 26 Pa. 516; Keene's Appeal, 64 Pa. 268.

Rosana Seibert was to have upon the death of her husband a fee simple in the premises conveyed; and having procured a conveyance of the premises for a valuable consideration, she and all claiming under her were thereby estopped from claiming any title in the premises, for "the interest, when it accrues, feeds the estoppel." Doe v. Oliver, 2 Smith, Lead. Cas. p. *417.

The defendant in error and those under whom she claims have held adverse possession of these premises since the conveyance to Schott in 1849,—possession adverse both to the trustee and the *cestui que trust.*

It was decided in Smilie v. Biffle, 2 Pa. St. 52, 44 Am. Dec. 156, that possession taken under a defective title from one of several trustees, and held for twenty-one years adversely to the trustees in whom the legal estate was vested, and to the *cestui que trust,* life tenant, gave an indefeasible title, not only against them, but also against the remaindermen under the trust. Maus v. Maus, 80 Pa. 194.  See Warn v. Brown, 102 Pa. 347.

PER CURIAM:
The learned judge correctly held, inasmuch as Rosana lived more than twenty-one years after she became able to assert her legal rights to the property, and took no steps to assert those rights or obtain possession of the property under them, the stat-

ute of limitations became a good defense, as against her and against all claiming under her.

The case stated admits that the plaintiff below and the persons under whom she claims have had actual, continuous, adverse, and hostile possession of the premises in dispute for more than twenty-one years. Judgment was therefore correctly entered in favor of the plaintiff below for the sum of $500.

Judgment affirmed.